**Alejandro ORTA–FLORES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–77102, 06–70558.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Roxana V. Muro, Sherman Oaks, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Alejandro Orta–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen removal proceedings (No. 05–77102), and its subsequent denial of his motion to reconsider that decision (No. 06–70558). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or to reconsider. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petitions for review.

The BIA denied Orta–Flores' motion to reopen based on ineffective assistance of counsel on the grounds that it was numerically barred and untimely, and Orta–Flores failed to establish he was entitled to equitable tolling. The BIA later denied reconsideration on the basis that even with the benefit of equitable tolling, the motion to reopen was still untimely.

The BIA did not abuse its discretion in denying the motion to reopen or the motion to reconsider where the record shows Orta–Flores knew of the alleged ineffective assistance of counsel no later than Decem-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ber 3, 2004, yet did not file a motion to reopen until April 27, 2005. *See Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003) (recognizing that time and numerical limits may be equitably tolled, but that 90–day deadline begins to run once alleged ineffective assistance of counsel is discovered).

We do not consider the merits of the underlying ineffective assistance of counsel claim. *See Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir.2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.")

We lack jurisdiction to review the BIA's underlying order dismissing Orta–Flores' direct appeal from the immigration judge's decision because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.